J-S08002-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CALVIN HENDERSON | |
| Appellant | No. 1177 WDA 2014 |

Appeal from the Order Entered June 25, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0011250-2005

BEFORE:  STABILE, DUBOW, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                **FILED APRIL 19, 2016**

Appellant, Calvin Henderson, appeals from the June 25, 2014 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"). Counsel has filed a petition to withdraw representation,[1] and Appellant has filed a *pro se* application to amend his PCRA petition.  We affirm the PCRA court's order, grant counsel's petition to withdraw, and deny Appellant's application to amend.

In July of 2006, a jury found Appellant guilty of rape, involuntary deviate sexual intercourse, aggravated indecent assault, simple assault,

---

[1]  We will address the procedural irregularities of counsel's petition below.

kidnapping, and unlawful restraint.[2]  On November 15, 2006, the trial court found Appellant to be a sexually violent predator (SVP) and sentenced him to an aggregate 36 to 90 years of incarceration.  Appellant's post-sentence motion was denied by operation of law on May 3, 2007.  Appellant filed a timely notice of appeal one week later, and this Court affirmed in a unanimous memorandum filed on September 3, 2008.  On June 30, 2009, our Supreme Court granted allowance of appeal on one issue:  whether a second search warrant was valid under the independent source doctrine.  This case involved two search warrants.  The trial court deemed the first warrant invalid and granted Appellant's motion to suppress.  The Commonwealth procured a second warrant based on the investigation of a police officer who worked in the same department as the officer who produced an insufficient affidavit in support of the first warrant.  The Supreme Court held that the second warrant and search were valid, and affirmed Appellant's conviction in an opinion filed on April 25, 2012.  ***Commonwealth v. Henderson***, 47 A.3d 797 (Pa. 2012), *cert. denied*, 133 S. Ct. 435 (2012).

Appellant filed this timely PCRA petition on April 26, 2013.  In it, Appellant alleged the Commonwealth introduced inadmissible evidence garnered from the execution of the original, invalid search warrant.  On May

---

[2]  18 Pa.C.S.A. §§ 3121, 3123, 3125, 2701, 2901, and 2902.

12, 2014, appointed counsel filed a no merit letter and petition to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On June 5, 2014, the PCRA court filed a notice of intent to dismiss. Appellant filed *pro se* responses to the no merit letter and the notice of intent to dismiss, and the PCRA court entered an order dismissing Appellant's petition on June 25, 2015.

Appellant filed a timely *pro se* notice of appeal on July 21, 2014. The PCRA court appointed new counsel to represent Appellant in this appeal. Appellate counsel has filed a brief and petition to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967) and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). Since this is a PCRA proceeding, counsel should have proceeded in accord with *Turner*/*Finley*. Nonetheless, this Court typically accepts an *Anders* brief in lieu of a *Turner*/*Finley* no merit letter because *Anders* provides greater protection to the petitioner. *Commonwealth v. Widgins*, 29 A.3d 816, 817 n.2 (Pa. Super. 2011).

A proper *Turner*/*Finley* filing must comply with the following:

> The *Turner/Finley* decisions provide the manner for post-conviction counsel to withdraw from representation. The holdings of those cases mandate an independent review of the record by competent counsel before a PCRA court or appellate court can authorize an attorney's withdrawal. The necessary independent review requires counsel to file a 'no-merit' letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court, or an appellate court if the no-merit letter is filed before it, [. . .] then must conduct its own

independent evaluation of the record and agree with counsel that the petition is without merit. [**Commonwealth v. Pitts**, 981 A.2d 875, 876 n.1 (Pa. 2009)]

In **Commonwealth v. Friend**, 896 A.2d 607 (Pa. Super. 2006) **abrogated in part by Pitts, supra,** this Court imposed additional requirements on counsel that closely track the procedure for withdrawing on direct appeal. Pursuant to **Friend,** counsel is required to contemporaneously serve upon his client his no-merit letter and application to withdraw along with a statement that if the court granted counsel's withdrawal request, the client may proceed *pro se* or with a privately retained attorney. Though Chief Justice Castille noted in **Pitts** that this Court is not authorized to craft procedural rules, the Court did not overturn this aspect of **Friend** as those prerequisites did not apply to the petitioner in **Pitts. See Pitts, supra** at 881 (Castille, C.J., concurring).

After the decision in **Pitts**, this Court held in [**Widgins**], that the additional procedural requirements of **Friend** were still applicable during collateral review.

**Commonwealth v. Freeland**, 106 A.3d 768, 774-75 (Pa. Super. 2014). We have reviewed counsel's purported **Anders** filing and found that it complies sufficiently with **Turner**/**Finley**. We therefore conduct our own review of the record to determine whether Appellant's appeal lacks merit.

Counsel addresses a single issue in the brief: whether trial counsel was ineffective for failing to object when the Commonwealth introduced evidence garnered from the invalid search warrant. "To the extent review of the PCRA court's determinations is implicated, an appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa.

2014). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Id.*

We analyze an assertion of ineffective assistance as follows:

[A] PCRA petitioner will be granted relief only when he proves, by a preponderance of the evidence, that his conviction or sentence resulted from the [i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. Counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. In Pennsylvania, we have refined the [**Strickland v. Washington**, 466 U.S. 668 (1984)] performance and prejudice test into a three-part inquiry. Thus, to prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. If a petitioner fails to prove any of these prongs, his claim fails. Generally, counsel's assistance is deemed constitutionally effective if he chose a particular course of conduct that had some reasonable basis designed to effectuate his client's interests. Where matters of strategy and tactics are concerned, [a] finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. To demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. [A] reasonable probability is a probability that is sufficient to undermine confidence in the outcome of the proceeding.

*Id.* at 311-12 (internal citation and quotation marks omitted).

Counsel's brief explains that no relief is due because the Commonwealth did not introduce suppressed evidence at trial. Indeed, the

trial transcript contains detailed testimony concerning the execution of the second search warrant and the DNA evidence garnered therefrom. N.T. Trial, 7/10-12/2006, at 207-208, 244-267. In addition, the charts Appellant attached to his *pro se* PCRA petition do not confirm that the Commonwealth relied on excluded evidence. Rather, the charts confirm that the Commonwealth obtained samples of Appellant's DNA on two occasions: one after the original, defective search warrant, and one after the second, valid warrant. Nothing in the record indicates the Commonwealth introduced the former at trial. We therefore agree with counsel's conclusion that Appellant's argument lacks merit.

In his response to the PCRA court's notice of intent to dismiss, Appellant asserted, among other things, that his sentence was manifestly excessive. Response to Notice of Intent to Dismiss, 6/25/2104, at 4. Appellant raised this issue on direct appeal, but this Court deemed the issue waived for noncompliance with Pa.R.A.P. 2119(f). On collateral review, a challenge to the trial court's sentencing discretion lacks merit because it is not cognizable under the PCRA. Assuming *arguendo* that Appellant intended to challenge appellate counsel's effectiveness, Appellant still is not entitled to relief.

We observe that the "proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion...." **Commonwealth v. Allen**, 24 A.3d 1058, 1064 (Pa. Super.

2011). "An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous[.] *Id.* "The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." *Id.* In addition, § 9781 of the Judicial Code governs this Court's review. 42 Pa.C.S.A. § 9781.

The record reflects that Appellants' 36 to 90 year aggregate sentence is comprised of consecutive, guideline-range sentences for rape, IDSI, aggravated indecent assault, and kidnapping.[3] N.T. Sentencing, 9/17/2007, at 25-26. Given his age—58—at the time of sentencing, Appellant asserted that his sentence is manifestly excessive because it amounts to a life sentence. The trial court addressed in response to Appellant's Pa.R.A.P. 1925(b) statement on direct appeal:

> The Commonwealth related and detailed the severity of the victim's trauma, the ongoing struggles of both the victim in India and her family remaining in the United States, and the desire of the entire family that Appellant 'die in jail.' In

_____

[3] The court imposed no further penalty for simple assault and unlawful restraint.

- 7 -

conclusion, the Commonwealth requested consecutive sentencing on the five felony convictions.

Appellant in his defense merely stated that he would 'stick to his plea' and that he and his co-defendant were not guilty.

In agreeing with the Commonwealth and sentencing Appellant consecutively, the Court was aware of Appellant being 58 years old at the time of sentencing; no details regarding Appellant's health had been placed on the record other than the request by defense counsel that the Court consider Appellant's 'overall' health.

The Court found Appellant's crime to be 'heinous.' The Court also considered Appellant's conviction thirty years earlier for a nearly identical violent sexual crime and verbalized the concern that society be protected from Appellant.

Trial Court Opinion, 9/07/2011, at 16 (record citations omitted).

We conclude Appellant's sentencing challenge clearly lacks merit. Under the circumstances before us, we do not believe Appellant's argument presents a substantial question for review. *See* 42 Pa.C.S.A. § 9781(b). "A substantial question exits only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa. Super. 2013), *appeal denied*, 77 A.3d 1258 (Pa. 2013). "[T]he imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." ***Id.***

Here, the trial court took account of Appellant's brutal kidnapping and rape of the victim, the impact on the victim and her family, Appellant's prior conviction for a similar offense, and the need to protect the public from Appellant. We therefore cannot conclude that the aggregate sentence was so unduly harsh as to raise a substantial question of the propriety of imposing consecutive sentences. For these same reasons, we would discern no abuse of discretion even if we addressed this issue on the merits. Counsel was not ineffective for failing to preserve this issue on direct appeal.

Our review of the record reveals no other potentially meritorious arguments. Appellant unsuccessfully challenged the weight and sufficiency of the evidence on direct appeal. Our Supreme Court rejected his argument that the trial court erred in admitting evidence garnered from the second search warrant. *Henderson*, 47 A.3d at 805.

Finally, we are in receipt of Appellant's March 10, 2016 application for leave to file an amended PCRA petition. Appellant argues his sentence is illegal under *Alleyne v. United States*, 133 S. Ct. 2151 (2013), wherein the Supreme Court held that the imposition of a mandatory minimum sentence based on judicial fact finding violates the Sixth Amendment of the United States Constitution. Appellant argues *Alleyne* applies retroactively under the Supreme Court's analysis in *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016). Thus, Appellant seeks leave to file an amended PCRA petition challenging his sentence under *Alleyne*. We deny Appellant's

application, as the trial court did not impose any mandatory minimum sentences.[4]  N.T. Sentencing, 9/17/2007, at 25-26.[5]

In summary, we have concluded the PCRA court did not err in dismissing Appellant's petition without a hearing.  We also have concluded that counsel's filing complies sufficiently with *Turner*/*Finley*.  We therefore affirm the PCRA court's order and grant counsel's petition to withdraw.

Order affirmed.  Petition to withdraw granted.  Application to Amend denied.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/19/2016

_____

[4]  We also direct Appellant's attention to our Supreme Court's opinion in *Commonwealth v. Lark*, 746 A.2d 585, 588 (Pa. 2000), wherein the Court held that a new petition must await the final resolution of any prior petition pending on appeal.  The sixty-day filing deadline of § 9545(b)(2) commences with the final resolution of the prior appeal.  *Id.*

[5]  Appellant has already filed one new PCRA petition while this appeal was pending.  We address the PCRA court's dismissal of that petition at No. 318 WDA 2015.